## FABRIC FIRE HOSE CO. v. BOARD of TRUSTEES, Inc. TOWN of HAWORTH.

No. 15953—Opinion Filed Nov. 17, 1925.

**Municipal Corporations—Contract of Purchase of Merchandise Void for Lack of Funds.**

A contract entered into by the board of trustees of an incorporated town for the purchase of merchandise at a time when there are no funds in the treasury of such town, and no levy or estimate made out of which the indebtedness created by such contract can be paid, and without the assent of three-fifths of the voters of such town as provided by section 26, article 10 of the Constitution, is void.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action by Fabric Fire Hose Company against the Board of Trustees, Incorporated Town of Haworth, Okla. Judgment for defendant, and plaintiff has appealed. Affirmed.

McLendon & McLendon, for plaintiff in error.

Paul Stewart, for defendant in error.

Opinion by DICKSON, C. The plaintiff in error was plaintiff and the defendant in error was defendant in the court below, and will be so referred to in this opinion.

On the 1st day of August, 1923, the plaintiff commenced this action against the defendant to recover $2,000 for merchandise alleged to have been sold and delivered by the plaintiff to the defendant on the 2nd day of January, 1916. The defendant answered denying generally the allegations contained in the plaintiff's petition, and further alleged that at the time the alleged contract was entered into, the incorporated town of Haworth had no money in the treasury out of which such indebtedness could have been paid and that no estimate had been made for a tax levy for the payment of said indebtedness. The case was tried to the court without the intervention of a jury and the evidence shows that at the date of the alleged sale and purchase there was no money in the town treasury, and that no estimate had been made for a tax levy for the purpose of paying such indebtedness. The court found the issues for the defendant, and entered its judgment accordingly.

The plaintiff has appealed to this court and does not contend that the judgment is against the evidence or not supported by sufficient evidence. Its sole contention seems to be that the defendant, having received the goods, wares, and merchandise, is bound to pay therefor. Section 26, art. 10, of our Constitution provides:

"No county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof. * * *"

And it is conceded that the indebtedness sued upon was not assented to by three-fifths of the voters of the town of Haworth, and that there was no money in the treasury of said town at the time the contract sued upon was entered into and no levy made out of which such indebtedness could have been paid. The contract sued upon was therefore void. O'Neil Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 Pac. 19; Campbell v. State ex rel., 23 Okla. 109, 99 Pac. 778; City of Ardmore v. State ex rel., 24 Okla. 862, 104 Pac. 913.

The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. pp. 672, 673,